# CALIFORNIA v. SOUTHERN PACIFIC COMPANY.

## ORIGINAL.

No. 9. Original. Submitted March 12, 1894. — Decided April 30, 1894.

Depositions placed in the custody of the clerk as taken in this case may be opened and filed, as well as map exhibits, and an order is made for the taking of further testimony, and for the receiving of such documents and maps as the city of Oakland may offer touching its title to the lands in dispute, and for the opening and filing of the same when returned to the clerk.

THE State of California filed its bill in this suit November 6, 1893, and its amended bill March 5, 1894, in which it contests the claims of ownership set up by the Southern Pacific Company to lands under water in the harbor of Oakland, opposite to San Francisco. On the 5th of March, 1894, the city of Oakland prayed leave to intervene in the suit, which motion was denied on the 12th of March, 1894, but leave was given it to file briefs, accompanied by documents and maps, illustrative of its alleged title.

On the same 12th day of March the Attorney General of the State made the following motion in the case :

*To the Honorable Chief Justice and the Associate Justices of the Supreme Court of the United States:*

The plaintiff moves the court as follows:

*First*— That the court make an order directing that the depositions heretofore taken upon notice and the stipulation of the parties in the above entitled action, now in the custody of the clerk of this court, be opened and filed in this cause, and the same be printed as a part of the record whenever said record shall be printed; and that the map exhibits now in the custody of said clerk, referred to by the witnesses in their several depositions, be also filed by said clerk in said cause; and that said depositions and map exhibits may be used as evidence upon the hearing of said case, subject to the objections therein specified, in the same manner as if the same had been regularly taken and returned in pursuance of the order herein applied for, a printed copy of which testimony and of the map exhibits has been deposited with the clerk of this court, to which I respectfully refer.

*Second*— That this honorable court make an order designating one of its members, or some other person or officer, to take, in the State of California, such further testimony and evidence in the above entitled cause as may be offered by either of the parties hereto.

*Third*— That the person or officer designated to take such testimony as aforesaid, have the power and be instructed to return such testimony as may be offered by either of the parties to said action, and to receive and return such documents and maps illustrative of the alleged title of the city of Oakland as said city may deem proper to offer, pursuant to the order of this court made on March 12, 1894, and that said officer so appointed notify the respective parties and the city of Oakland of his appointment; and thereupon either of the parties shall be authorized, within ten days thereafter, or as soon as convenient, to proceed before said officer or person to take additional evidence, and said person or officer to receive and take such documents and maps as may be offered by said city of Oakland under the said order of March 12, 1894, as hereinbefore specified; and that the taking and re-

ceiving of said evidence, documents, and maps shall be completed and certified by said person or officer and forwarded to the clerk of this court on or before the first Monday of July, 1894; upon the receipt whereof, the clerk of this court is hereby instructed to open and file the same, and thereafter to have printed the record in this cause, (embracing the depositions heretofore taken,) upon the parties hereto paying therefor, the record to be thereupon filed in this court; that there be printed in addition to the requisite number of copies for this court, ten copies for the plaintiff, ten copies for the defendant, and ten copies for the city of Oakland.

That in printing such record it shall not be necessary for the clerk to print copies of the map exhibits; *provided,* there shall be furnished to the court a sufficient number of the map exhibits required by the rules of this court, and one copy thereof to each of the parties hereto, and one copy to the said city of Oakland.

*Fourth* — That the parties hereto and the city of Oakland are hereby permitted, during the vacation of this court, to file their briefs and points in said action with the clerk of said court without further order of the court.

*Fifth* — That the court make an order setting down this cause for trial and hearing on the second Monday of October, 1894, or as soon thereafter as may be convenient for the court.

*Sixth* — That such other and further orders be made as to the court may seem meet.

For the purpose of the hearing and consideration of this motion, I respectfully refer to:

The order of this court made March 12, 1894, a copy of which is hereto annexed, marked Exhibit " A ";

The stipulation signed by the parties, hereto attached, marked Exhibit " B ";

The statement of the Attorney General of the State of California, solicitor for plaintiff, hereto attached, and marked Exhibit " C ";

The consent of the defendant to the granting of the orders asked for, hereto attached, and marked Exhibit " D."

All of which papers are hereby referred to and made a part hereof.

Washington, D. C., March 12, 1894.

WM. H. H. HART,

Attorney General of California,

Solicitor for Plaintiff.

Exhibit A referred to was the order on the motion of the city of Oakland for leave to intervene. Exhibit C stated personal reasons why the Attorney General desired to have the evidence taken and the cause brought to a hearing early in the next term of the court. Exhibit D was the consent of the defendant to the granting of the orders asked for. Exhibit B was entitled in the cause and was as follows:

Now come the parties to the above entitled suit, by their respective solicitors, and state to the court as follows:

That on the 17th day of January, 1894, it was stipulated and agreed between the parties to the said suit, by their solicitors, as follows: "The defendant herein having given the plaintiff notice of the taking of the depositions of Horace W. Carpentier and others, for the purpose of using said testimony as evidence upon the trial of this cause, and whereas some doubt may arise as to the legality of the taking of the same; and whereas, the said plaintiff also desires to take certain testimony to be used on the trial of said action, and, in order to obtain the testimony desired by each of the parties hereto, *therefore*, it is hereby stipulated by and between the parties hereto, that the testimony may be thus taken of said Horace W. Carpentier, and of such other persons as each of the parties hereto may determine from time to time until the testimony is closed, subject to such objections as either of the parties may deem proper to make.

"Said testimony may be taken before John A. Robinson, Commissioner of the United States Circuit Court for the Northern District of California, and the same may be used upon the trial of this cause the same as if taken in any other manner agreeable to the court, and may be used by either party with the same effect as though taken upon an order

regularly made by the honorable Supreme Court of the United States, and the same may be used upon said trial upon any and all issues that may be made, either upon amendment of the pleadings, or otherwise."

That under and in pursuance of the said stipulation the defendant took, before the said John A. Robinson, Commissioner of the United States Circuit Court for the Northern District of California, the depositions of certain persons, as witnesses on its behalf, in the above entitled suit, namely: Horace W. Carpentier, G. F. Allardt, Calvin Brown, L. J. Le-Conte, G. L. Lansing, E. B. Ryan, R. J. Wilkinson; and the plaintiff took before said commissioner the depositions of certain persons, as witnesses on its own behalf, namely: Lyman Bridges, G. D. Flack, L. J. LeConte, Charles Morris, and J. R. Wilkinson.

That the defendant, on the examination of the witness, Horace W. Carpentier, offered in evidence on its behalf certain documents, which were marked by the said commissioners as *Defendant's Exhibits,* Nos. 1 to 66, inclusive, and the defendant, in connection with the testimony of its witnesses, introduced in evidence certain *map exhibits,* which were marked by the said commissioner from No. 1 to No. 8, both inclusive.

That the plaintiff, on the examination of witnesses on its behalf, offered certain exhibits, which were marked by the said commissioner, respectively, as *"Plaintiff's Exhibit A,"* *"Plaintiff's Exhibit B,"* and *"Plaintiff's Exhibit C,"* and *Map Exhibit No. 8.*

That on the 9th day of February, 1894, the parties, by W. H. H. Hart, Attorney General, solicitor for plaintiff, and Harvey S. Brown, solicitor for defendant, filed a stipulation, in writing, as to certain facts bearing upon the issues in said suit, wherein it was agreed as follows:

"It is further stipulated that this case shall be submitted to the court for its decision upon the amended bill and answer herein and replication thereto, and upon the depositions and exhibits hereto annexed, and upon map exhibits referred to in the said depositions, numbered from 1 to 8, both inclusive, and upon this stipulation."

(The depositions and exhibits referred to being the depositions and exhibits taken and offered by the parties before the commissioner, as mentioned.)

That John A. Robinson, the commissioner, transmitted by mail to the clerk of this court, in sealed packages, the said stipulation in writing as to facts, and the said depositions and exhibits, and the said packages are in the hands of the clerk, unopened.

Wherefore, the said parties, by their solicitors, hereby stipulate that an order be made and entered herein, directing that the said packages be opened by the clerk of the court, and that the said stipulation as to facts, and the said depositions of the said witnesses for the parties, respectively, taken before the said John A. Robinson, Commissioner of the United States Circuit Court for the Northern District of California, and the said exhibits offered by them, and marked by the said commissioner, as mentioned, be filed by the clerk in this cause, and further directing that the said depositions and the said exhibits shall and may be used by the parties, respectively, upon the hearing or trial of the above entitled cause, with the same effect as if the same had been taken and offered in evidence before the said commissioner, under an order of this court duly appointing him an examiner to take the testimony and proofs on behalf of the parties to the said cause, and to certify and to return such testimony and proof to this court.

> Wm. H. H. Hart,
> As Attorney General of California,
> Solicitor for Plaintiff.
> Harvey S. Brown,
> Solicitor for Defendant.

Aylett R. Cotton,
　　　　Of Counsel for Plaintiff.

*Mr. William H. H. Hart,* Attorney General of the State of California, and *Mr. Aylett R. Cotton* for plaintiff.

*Mr. Harvey S. Brown* for defendant.

Per Curiam: The motion of the State of California, by its Attorney General, in this behalf, having been considered:

It is hereby ordered that depositions heretofore placed in the custody of the clerk of this court, as taken in this cause, may be opened and filed, together with the map exhibits therein referred to.

And it is further ordered that William A. Maury, Esq., of the District of Columbia, be and he is hereby designated and appointed a commissioner to take testimony herein, and he is hereby empowered and instructed to take and return such testimony as may be offered by either of the parties hereto, and to receive and return such documents and maps illustrative of the alleged title of the city of Oakland as said city may deem proper to offer, pursuant to the order of this court made herein on March 12, 1894.

It is further ordered that said commissioner notify the respective parties and the city of Oakland of his appointment; and, thereupon, within ten days thereafter, or as soon as convenient, he shall proceed to take such evidence as either of the parties hereto may produce, and he shall receive and take such documents and maps as may be offered by the city of Oakland under said order of March 12, 1894, as hereinbefore specified; and that the taking and receiving of said evidence, documents, and maps shall be completed and certified by said commissioner and forwarded to the clerk of this court on or before the first Monday of September, 1894; upon the receipt whereof the clerk is hereby instructed to open and file the same.

It is further ordered that in printing the record it shall not be necessary for the clerk to print copies of map exhibits; *provided*, there shall be furnished to the court a sufficient number of map exhibits as required by the rules; and that the parties hereto, and the city of Oakland, are hereby permitted, during the vacation of this court, to file their briefs and points in said cause with the clerk without the further order of the court; and the question of setting said cause for hearing is hereby reserved until the next term.

*So ordered.*